LESLIE E. LANGE, appellant, v. W. A. MYERS, appellee.

No. 48418.

(Reported in 60 N.W.2d 526)

OCTOBER 20, 1953.

A. E. Sheridan, of Waukon, for appellant.

J. J. Hyde, of Elkader, for appellee.

PER CURIAM—On April 22, 1953, the trial court directed a verdict for defendant. Final judgment thereon was entered May 21 and notice of appeal was given that same day. In the meantime however (May 9) the plaintiff had procured a transcript of the evidence from the court reporter.

Nothing was filed after notice of appeal until August 19, ninety days later, when plaintiff filed a typewritten "record", containing over 100 pages of legal cap (8½ x 13). Thirty-eight pages are devoted to pleadings, motions and rulings thereon, unabstracted (except for omission of title headings and signatures). There were the petition, defendant's motion to dismiss, strike and for more specific statement and ruling thereon, an amendment to petition, answer, counterclaim with lengthy exhibits, plaintiff's motion to strike and for more specific statement and ruling overruling same, reply with lengthy exhibits, motion to strike and for more specific statement with ruling thereon, an amended and substituted reply, motion to strike with ruling thereon and finally an amendment to reply. There was also a pretrial hearing order set out in full.

Approximately sixty pages are devoted to the testimony, mostly in question-and-answer form with objections and rulings verbatim.

The leisurely progress of the litigation is indicated by the fact that the original petition was filed November 13, 1951, and the final amendment to reply on March 25, 1953.

The present motion of defendant to dismiss the appeal was filed September 4, 1953, and it is based on plaintiff-appellant's alleged failure to comply with rules 340(a) and 342(a), R. C. P., in that he failed to file his abstract promptly and failed properly to abstract the evidence.

I. Rule 340(a) provides: "*Promptly* [emphasis supplied] after taking an appeal * * * appellant shall file * * * duplicate

1318

typewritten *abstract* [sic] of so much of the record * * * as is material to the appeal."

Paragraph (c) of the same rule provides that amendment may be proposed by any other party to the appeal (within twenty days "or such longer time as the trial court may allow or the parties agree to in writing") "proposing corrections, substitutions or additions" and that the "judge before whom the case was tried" is to settle any differences "to the end that the abstract correctly shows the evidence and proceedings * * * and is in form as provided by these rules."

There are other rule provisions requiring omission of formal parts of all exhibits and all formal or irrelevant parts; and finally for the printing of the result as finally settled, same to constitute the "record on which the cause shall be submitted on appeal."

By no stretch of judicial leniency can we say here a "duplicate typewritten abstract" was filed *"promptly."* Rule 342(a) requires filing of the printed record "within ninety days after filing notice of appeal, or such longer time as the trial court may grant on application and hearing." When this proposed "record" was filed the printed record was already due. There had been no application for an extension of time. Plaintiff's attorney even had had the reporter's transcript of the evidence since May 9, twelve days *before* appeal was finally taken. The actual direction of verdict was seventeen days before that. While the term "promptly" is somewhat elastic, to hold it was complied with here would make the rule quite ineffective to accomplish one of the avowed purposes in promulgating our Rules of Civil Procedure, viz., the purpose "of promoting the speedy determination of litigation upon its merits." (Supreme Court's Report to the General Assembly, January 28, 1943.)

No adequate excuse for failure to comply with rule 340(a) is suggested here—at least none that could not have been timely presented to and passed upon by the trial court on a request for extension of time.

II. It is proper to point out that the document filed August 19 failed completely to comply with our rules prescribing the form and contents of a record. It was inadequate even as a

typewritten *abstract* upon which to base the proceedings contemplated by the rule for a final settling.

We have heretofore had occasion to deal with such inadequacy in cases that had actually been argued and submitted. Here the question comes to us on motion to dismiss before the record has been settled. Had the typewritten document been filed in time to permit orderly procedure to establish a properly settled record under the rules, we would probably overrule the motion to dismiss and remand the case to permit it to come up on appeal.

But the delay here, the failure to ask for additional time, if needed, and the submission of an inadequate abstract of pleadings and evidence long after the time for prompt action was past, all combine to require a dismissal of the appeal if we would uphold the integrity of our rules.

The motion to dismiss appeal is accordingly sustained.— Motion sustained.